IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRAND ACADIAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-849 C |
| | ) | (Judge Hewett) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the paragraph labeled "Jurisdiction," which precedes paragraph 1, are plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

The allegations contained in the unnumbered paragraph labeled "Summary," which precedes paragraph 3 are plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the tract of land located at 1141 Mosswood Drive, Sulphur, Louisiana is approximately 60 acres ("the Site"); otherwise, denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the CBK report, dated July 25, 2005, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the plans submitted by D.W. Jessen & Associated (Complaint Exs. 3 and 3.1), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent supported by the report issued by CBK Soils Engineering, Inc., dated July 25, 2005, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13.

14. Admits that Hurricane Katrina struck the New Orleans area on August 28, 2005, and subsequently displaced hundreds of thousands of people, resulting in a need for emergency housing to establish temporary residences; otherwise, denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits that Hurricane Rita struck Sulphur and the surrounding areas on September 24, 2005, resulting in a need for emergency housing; otherwise, denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Hurricane Rita struck Sulphur and the surrounding areas on September 24, 2005, resulting in a need for emergency housing; otherwise, denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained in paragraph 24 to the extent supported by the Trip Report dated October 10, 2005 (Complaint Ex. 6), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the email from Aaron Clagget dated October 11, 2005 (Complaint Ex. 7), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the email from Aaron Clagget dated October 11, 2005 (Complaint Ex. 7), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the email from Aaron Clagget dated October 11, 2005 (Complaint Ex. 7), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that Grand Acadian and FEMA did not agree to contract terms in October 2005; otherwise, denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits that Grand Acadian negotiated with the Government concerning a lease of 30 acres of land on the Site (the "Property"); otherwise, denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Admits the first sentence of paragraph 35. Denies the allegations contained in the second sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegations contained in paragraph 39 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in paragraph 40 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. Admits.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Admits the allegations contained in paragraph 48 to the extent supported by the bid submitted by Mr. Daigle, D&G Construction (Complaint Ex. 12), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits the allegations contained in the first sentence of paragraph 50 to the extent supported by the documents cited (Complaint Ex. 10), which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 50. The allegations contained in the second and third sentences of paragraph 50 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 51 to the extent supported by the documents cited (Complaint Ex. 10), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. The allegations contained in paragraph 55 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits the allegations contained in paragraph 58 to the extent supported by the Geotechnical Exploration Services Report dated January 15, 2006 (Complaint Ex. 15), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 58.

59. The allegations contained in the first sentence of paragraph 59 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations in the second sentence of paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Denies the allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Admits the allegations contained in paragraph 62 to the extent supported by the email exchange between Ms. Van Cleve and Mr. McConnaughhay, dated February 7, 2006 (Complaint Ex. 16), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the email exchange between Mr. Barnard and Mr. McConnaughhay, dated February 15, 2006 (Complaint Ex. 17), which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 66. Denies the allegations contained in the second sentence of paragraph 66

67. Denies.

68. Denies.

69. Admits the allegations contained in paragraph 69 to the extent supported by the settlement proposal cited (Complaint Ex. 18), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71. Admits the allegations contained in paragraph 71 to the extent supported by the Memorandum from Mr. Perez to Mr. McConnaughhay, dated February 27, 2006, Re: Lease GS-07B-16028 (Complaint Ex. 19), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the email from Mr. McConnaughhay dated February 28, 2006 (Complaint Ex. 20), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the emails from Mr. McConnaughhay (Complaint Ex. 22), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the emails from Mr. McConnaughhay (Complaint Ex. 22), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 76.

77. Denies the allegations contained in paragraph 77 for lack of knowledge or information sufficient to form a belief as to their truth.

78. Admits the allegations contained in paragraph 78 to the extent supported by Fluor's bid, dated March 16, 2006 (Complaint Ex. 23), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 78.

79. Admits the allegations contained in paragraph 79 to the extent supported by Fluor's bid, dated March 16, 2006 (Complaint Ex. 23), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the emails from Mr. McConnaughhay to Mr. Connor and Ms. Van Cleve, dated march 27, 2006

(Complaint Ex. 24), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the emails from Mr. McConnaughhay (Complaint Ex. 25), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 81.

82. Admits.

83. Admits the allegations contained in paragraph 83 to the extent supported by the letter from Mr. Gil to Mr. McConnaughhay, dated April 13, 2006 (Complaint Ex. 26), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 83.

84. Admits the allegations contained in paragraph 84 to the extent supported by the email from Mr. McConnaughhay to Mr. Perez, dated April 21, 2006 (Complaint Ex. 27), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 84.

85. Admits the allegations contained in paragraph 85 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated April 24, 2006 (Complaint Ex. 28), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 84.

86. Denies the allegations contained in paragraph 86 for lack of knowledge or information sufficient to form a belief as to their truth.

87. Admits the allegations contained in paragraph 87 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated April 25, 2006 (Complaint Ex. 29), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 87.

88. Admits the allegations contained in paragraph 88 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated April 25, 2006 (Complaint Ex. 30), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 88.

89. Admits the allegations contained in paragraph 89 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated April 26, 2006 (Complaint Ex. 31), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 89.

90. Admits the allegations contained in paragraph 90 to the extent supported by the email from Mr. McConnaughhay to Ms. Van Cleve, dated April 26, 2006 (Complaint Ex. 32), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 90.

91. Admits the allegations contained in paragraph 91 to the extent supported by the emails from Mr. McConnaughhay to Mr. Gil and other FEMA and GSA officials, dated April 26, 2006 (Complaint Ex. 33), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 91.

92. Admits the allegations contained in paragraph 92 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated May 1, 2006 (Complaint Ex. 34), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 92.

93. Admits the allegations contained in paragraph 93 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated May 1, 2006 (Complaint Ex. 35), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 93.

94. Admits the allegations contained in paragraph 94 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated May 3, 2006 (Complaint Ex. 36), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 94.

95. Admits the allegations contained in paragraph 95 to the extent supported by the email from Ms. Van Cleve to Mr. McConnaughhay, dated May3, 2006 (Complaint Ex. 37),

which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 95.

96. Admits the allegations contained in paragraph 96 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated May 5, 2006 (Complaint Ex. 38), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 96.

97. Admits the allegations contained in paragraph 97 to the extent supported by the email from Mr. McConnaughhay to Ms. Van Cleve and Mr. Conner, dated May 9, 2006 (Complaint Ex. 39), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 97.

98. Admits the allegations contained in paragraph 98 to the extent supported by the petition filed by Group contractors against Dexter J. Honore and Fluor in the Louisiana district court (Complaint Ex. 39), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 98.

99. Admits the allegations contained in paragraph 99 to the extent supported by the email from Mr. McConnaughhay to Mr. Gil, dated May 11, 2006 (Complaint Ex. 40), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 99.

100. Admits the allegations contained in paragraph 100 to the extent supported by the email from Mr. McConnaughhay to Ms. Van Cleve, dated May 12, 2006 (Complaint Ex. 41), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 100.

101. Admits the allegations contained in paragraph 101 to the extent supported by the email from Ms. Van Cleve to Mr. McConnaughhay, dated May 13, 2006 (Complaint Ex. 42),

which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 101.

102. Admits the allegations contained in paragraph 102 to the extent supported by the email from Mr. McConnaughhay to Mr. Jamison, dated May 22, 2006 (Complaint Ex. 43), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 102.

103. Admits the allegations contained in paragraph 103 to the extent supported by the email from Mr. McConnaughhay to Mr. Jamison, dated May 22, 2006 (Complaint Ex. 43), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 103.

104. Admits the allegations contained in paragraph 104 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 104.

105. Admits the allegations contained in paragraph 105 to the extent supported by the email from Mr. McConnaughhay to Mr. Stark, dated June 2, 2006 (Complaint Ex. 44), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 105.

106. Admits the allegations contained in paragraph 106 to the extent supported by the email from Mr. McConnaughhay to Mr. Stark, dated June 13, 2006 (Complaint Ex. 45), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 106.

107. The allegations contained in paragraph 107 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document submitted by Grand Acadian, dated June 14, 2006 (Complaint Ex. 46), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 107.

108. Admits the allegations contained in paragraph 108 to the extent supported by the email from Mr. McConnaughhay to Mr. Stark, dated June 21, 2006 (Complaint Ex. 47), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 108.

109. Admits the allegations contained in paragraph 109 to the extent supported by the letter from Ms. Burnette to Mr. McConnaughhay, dated June 22, 2006 (Complaint Ex. 48), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 109.

110. The allegations contained in paragraph 110 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document resubmitted by Grand Acadian, dated July 5, 2006 (Complaint Ex. 49), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 110.

111. Admits the allegations contained in paragraph 111 to the extent supported by the email from Mr. McConnaughhay to Mr. Conner, dated July 17, 2006 (Complaint Ex. 50), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 111.

112. Admits the allegations contained in paragraph 112 to the extent supported by the email from Ms. McConnaughhay to Mr. Conner, dated June 17, 2006 (Complaint Ex. 51), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 112.

113. Admits the allegations contained in paragraph 113 to the extent supported by the email from Ms. Van Cleve to Mr. McConnaughhay, dated July 18, 2006 (Complaint Ex. 52), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 113.

114. Admits the allegations contained in paragraph 114 to the extent supported by the emails from Mr. McConnaughhay, dated July 21, 2006 (Complaint Exs. 53, 54), which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 114.

115. Admits the allegations contained in paragraph 115 to the extent supported by the email from Mr. McConnaughhay to Mr. Conner, dated July 24, 2006 (Complaint Ex. 55), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 115.

116. Admits the allegations contained in paragraph 116 to the extent supported by the letter from Mr. Waishes to Mr. McConnaughhay, dated July 27, 2006 (Complaint Ex. 56), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 116.

117. Admits the allegations contained in paragraph 117 to the extent supported by the letter from Mr. Rottinghaus to Mr. McConnaughhay, dated July 31, 2006 (Complaint Ex. 57), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 117.

118. Admits the allegations contained in paragraph 118 to the extent supported by the email from Mr. McConnaughhay to Mr. Rottinghaus, dated August 2, 2006 (Complaint Ex. 58), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 118.

119. Admits the allegations contained in paragraph 119 to the extent supported by the email from Mr. Rottinghaus to Mr. McConnaughhay, dated August 10, 2006 (Complaint Ex. 59), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 119.

120. Admits the allegations contained in paragraph 120 to the extent supported by the email from Mr. McConnaughhay to Mr. Rottinghaus, dated August 10, 2006 (Complaint Ex. 60),

which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 120.

121. Admits the allegations contained in paragraph 121 to the extent supported by the email exchange dated August 10, 2006 (Complaint Ex. 61), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 121.

122. Admits the allegations contained in paragraph 122 to the extent supported by the email from Mr. McConnaughhay to Mr. Rottinghaus, dated August 19, 2006 (Complaint Ex. 62), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 122.

123. Admits the allegations contained in paragraph 123 to the extent supported by the email from Mr. McConnaughhay to Mr. Rottinghaus, dated August 19, 2006 (Complaint Ex. 62), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 123.

124. The allegations contained in paragraph 124 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

125. The allegations contained in paragraph 125 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

126. Admits that on August 20, 2006, Mr. McConnaughhay sent an email and photographs to Mr. Rottinghaus (Complaint Ex. 63), which are the best evidence of their contents; otherwise, denies the allegations in paragraph 126.

127. Admits the allegations contained in paragraph 127 to the extent supported by the letter from Mr. Rottinghaus to FNI, dated August 27, 2006 (Complaint Ex. 64), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 127.

128. Denies the allegations contained in paragraph 128 for lack of knowledge or information sufficient to form a belief as to their truth.

129. Admits that on or about August 30, 2006, Mr. Rottinghaus met with Mr. McConnaughhay and toured the Property; otherwise, denies the allegations contained in paragraph 129.

130. Admits the allegations contained in paragraph 130 to the extent supported by the letter from Mr. Riggs to Mr. Rottinghaus, dated August 31, 2006 (Complaint Ex. 66), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 130.

131. Admits the allegations contained in paragraph 131 to the extent supported by the letter from Mr. Rottinghaus to Mr. McConnaughhay, dated September 14, 2006 (Complaint Ex. 67), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 131.

132. The allegations contained in paragraph 132 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the letter from Mr. McConnaughhay to Mr. Rottinghaus, dated September 19, 2006 (Complaint Ex. 68), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 132.

133. Admits the allegations contained in paragraph 133 to the extent supported by the letter from Mr. McConnaughhay to Mr. Rottinghaus, dated September 19, 2006 (Complaint Ex. 68), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 133.

134. Admits the allegations contained in paragraph 134 to the extent supported by the email from Mr. McConnaughhay to Mr. Rottinghaus, dated September 22, 2006 (Complaint Ex. 69), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 134.

135. Admits the allegations contained in paragraph 135 to the extent supported by the letter from Mr. Rottinghaus to Mr. McConnaughhay, dated September 27, 2006 (Complaint Ex. 70), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 135.

136. Admits the allegations contained in paragraph 136 to the extent supported by the email exchange between Grand Acadian's counsel and Mr. Rottinghaus from September 28, 2006 to October 5, 2006 (Complaint Ex. 71), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 136.

137. Admits the allegations contained in paragraph 137 to the extent supported by the email exchange between Grand Acadian's counsel and Mr. Rottinghaus from September 28, 2006 to October 5, 2006 (Complaint Ex. 71), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 137.

138. The allegations contained in paragraph 138 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the letter from Grand Acadian's

counsel to Mr. Rottinghaus, dated September 29, 2006 (Complaint Ex. 72), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 138.

139. Admits the allegations contained in paragraph 139 to the extent supported by the letter from Mr. Rottinghaus to Mr. McConnaughhay, dated October 5, 2006 (Complaint Ex. 73), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 139.

140. Admits the allegations contained in paragraph 140 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated October 11, 2006 (Complaint Ex. 74), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 140.

141. Admits the allegations contained in paragraph 141to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated October 11, 2006 (Complaint Ex. 74), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 141.

142. The allegations contained in paragraph 142 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated October 13, 2006 (Complaint Ex. 75), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 142.

143. Admits the allegations contained in paragraph 143 to the extent supported by the letter from Mr. Rottinghaus to Grand Acadian's counsel, dated October 16, 2006 (Complaint Ex. 76), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 143.

144. Admits the allegations contained in paragraph 144 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated October 20, 2006 (Complaint Ex. 77), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 144.

145. Admits the allegations contained in paragraph 145 to the extent supported by the letter from Mr. Rottinghaus to Grand Acadian's counsel, dated October 23, 2006 (Complaint Ex. 78), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 145.

146. Admits the allegations contained in paragraph 146 to the extent supported by the FOIA request from Grand Acadian's counsel to GSA, dated October 26, 2006 (Complaint Ex. 79), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 146.

147. Admits the allegations contained in paragraph 147 to the extent supported by the response letter from GSA to Grand Acadian's counsel, dated November 13, 2006 (Complaint Ex. 80, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 147.

148. Admits the allegations contained in paragraph 148 to the extent supported by the email from Mr. Funkhouser to Mr. McConnaughhay, dated October 28, 2006 (Complaint Ex. 81), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 148.

149. Admits the allegations contained in paragraph 149 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated November 1, 2006 (Complaint

Ex. 82), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 149.

150. Admits the allegations contained in paragraph 150 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated November 1, 2006 (Complaint Ex. 82), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 150.

151. Admits the allegations contained in paragraph 151 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated November 8, 2006 (Complaint Ex. 83), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 151.

152. Admits the allegations contained in paragraph 152 to the extent supported by the letter from Mr. Rottinghaus to Mr. Riggs, dated November 9, 2006 (Complaint Ex. 84), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 152.

153. Admits the allegations contained in paragraph 153 to the extent supported by the letter from Mr. Rottinghaus to Mr. Riggs, dated November 9, 2006 (Complaint Ex. 84), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 153.

154. Admits the allegations contained in paragraph 154 to the extent supported by the letter from Grand Acadian's counsel to Mr. Rottinghaus, dated November 10, 2006 (Complaint Ex. 85), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 154.

155. The allegations contained in paragraph 155 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the letter from Mr. Rottinghaus

to Mr. Riggs, dated November 14, 2006 (Complaint Ex. 86), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 155.

156. Admits the allegations contained in paragraph 156 to the extent supported by the letter from Mr. Rottinghaus to Mr. Riggs, dated November 14, 2006 (Complaint Ex. 86), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 156.

157. The allegations contained in paragraph 157 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

158. Admits the allegations contained in paragraph 158 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs between November 16, 2006 and November 17, 2006 (Complaint Ex. 87), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 158.

159. Admits the allegations contained in paragraph 159 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs between November 16, 2006 and November 17, 2006 (Complaint Ex. 87), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 159.

160. Admits the allegations contained in paragraph 160 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs between November 16, 2006 and November 17, 2006 (Complaint Ex. 87), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 160.

161. The allegations contained in paragraph 161 are plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

162. Admits the allegations contained in paragraph 162 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs between November 16, 2006 and November 17, 2006 (Complaint Ex. 87), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 162.

163. Admits the allegations contained in paragraph 163 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs between November 16, 2006 and November 17, 2006 (Complaint Ex. 87), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 163.

164. Admits the allegations contained in paragraph 164 to the extent supported by the email from Mr. Riggs to Mr. Rottinghaus, dated November 27, 2006 (Complaint Ex. 88), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 164.

165. Admits the allegations contained in paragraph 165 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs on December 6, 2006 (Complaint Ex. 89), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 165.

166. Admits the allegations contained in paragraph 166 to the extent supported by the email exchange between Mr. Rottinghaus and Mr. McConnaughhay and Mr. Riggs on December 7, 2006 (Complaint Ex. 89), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 166.

167. Admits the allegations contained in paragraph 167 to the extent supported by the letter from Mr. Riggs to Mr. Rottinghaus, dated December 8, 2006 (Complaint Ex. 90), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 167.

168. Admits the allegations contained in paragraph 168 to the extent supported by the letter from Mr. Riggs to Mr. Rottinghaus, dated December 8, 2006 (Complaint Ex. 90), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 168.

169. Admits the allegations contained in paragraph 169 to the extent supported by the email from Mr. Riggs to Mr. Rottinghaus, dated December 11, 2006 (Complaint Ex. 91), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 169.

170. Admits the allegations contained in the first three sentences of paragraph 170 to the extent supported by the Contracting Officer's Final Decision issued by Mr. Rottinghaus, dated December 14, 2006 (Amended Complaint Ex. 1), which is the best evidence of its contents; otherwise, denies the allegations contained in the first three sentences of paragraph 170. The allegation in the fourth sentence of paragraph 170 is plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

171. Defendant's responses to paragraphs 1 through 170 of the complaint are incorporated by reference.

172. The allegations contained in paragraph 172 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

175. The allegations contained in paragraph 175 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

176. The allegations contained in paragraph 176 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

177. Defendant's responses to paragraphs 1 through 176 of the complaint are incorporated by reference.

178. The allegations contained in paragraph 178 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

179. The allegations contained in paragraph 179 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

180. The allegations contained in paragraph 180 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Defendant denies each and every other allegation not previously admitted or otherwise qualified. Defendant denies that plaintiff is entitled to the relief set forth in the prayer for relief in paragraphs 177 through 180, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

May 20, 2008 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick