IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRAND ACADIAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-849 C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Grand Acadian, Inc., and defendant, the United States, respectfully submit the following joint preliminary status report.

A. Jurisdiction

Plaintiffs allege that this Court has jurisdiction to consider and decide this breach of contract action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). Defendant is not aware of a basis upon which to challenge jurisdiction at this time.

B. Consolidation

The parties agree that this case should not be consolidated with any other case at this time.

C. Bifurcation

The parties submit that a bifurcation of liability and damages issues for purposes of discovery would facilitate the efficient management of this case and avoid the unnecessary expenditure of resources. Nearly all of the issues pertaining to liability, and some damages issues not related to quantum, are questions of law that may be resolved at the summary judgment stage. Aside from the quantum of damages, fact discovery is likely to be limited to a

small number of brief depositions and documents concerning the contested issue of what document, if any, properly constitutes Exhibit A to the lease. In contrast, discovery pertaining to the quantum of plaintiff's alleged $20 million damages claim is likely to involve a substantial number of lengthy depositions, potentially millions of documents, and expert witnesses. Accordingly, the parties propose a discovery plan in section M that bifurcates liability and damages issues for the purposes of discovery.

D. Deferral

At this time, the parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

E. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

F. Joinder

The parties do not anticipate the filing of any motion to join additional parties at this time.

G. Dispositive Motions

The parties anticipate filing cross-motions for summary judgment pursuant to RCFC 56 upon the completion of discovery.

H. Relevant Issues

In 2004, plaintiff purchased 60 acres of undeveloped land in Sulphur, Louisiana for approximately $200,000. After Hurricanes Katrina and Rita caused damage in the region, the Government leased 30 acres of plaintiff's land pursuant to a lease dated December 7, 2005, for the purpose of constructing temporary housing for disaster assistance recipients. Plaintiff alleges, among other things, that the Government breached the lease by not constructing

improvements upon the property and by not restoring the property to its pre-lease condition after the lease was terminated. Plaintiff also contends that the Government breached the lease by permitting the Government's contractor, Flour, to damage the land by not inspecting and supervising Flour's work. Plaintiff contends further that damages for damage to the property are governed by the fair market value based upon its highest and best use, and that such damages include the cost of restoration. Plaintiff claims damages in excess of $20 million.

The Government contends, among other things, that it complied with the contract terms, did not breach the lease, and properly terminated the lease for convenience following the discovery of undesirable soil conditions upon the property. The Government also contends that plaintiff is alleging breaches of various contractual obligations that do not exist as a matter of law. The Government contends further that plaintiff's damages, if any, are limited as a matter of law, to any diminution of the fair market value of the property, or to termination costs pursuant to 48 C.F.R. part 49, which would be minimal.

I. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses.

J. Trial

If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. Plaintiff requests that the trial take place in Lake Charles, Louisiana. Defendant opposes this request. Defendant requests that the trial take place in Washington, D.C.

K. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

L. Additional Information

There is no additional information of which the Court should be aware at this time.

M. Proposed Discovery Plan

The parties may conduct simultaneous discovery through various means as provided by the RCFC, including interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

Liability Phase

| | | |
|---|---|---|
| 1. | Exchange Of RCFC 26(a)(1)(B) Documents | September 1, 2008 |
| 2. | Completion Of Fact Discovery On Liability Issues | December 1, 2008 |
| 3. | Deadline For Filing RCFC 56 Cross-Motions On Liability And Non-Quantum Damages Issues | February 2, 2009 |

Quantum Of Damages Phase, If Necessary

| | | |
|---|---|---|
| 4. | Completion Of Fact Discovery On Quantum Of Damages Issues | Six months after final order regarding RCFC 56 Motions |
| 5. | Exchange Of RCFC 26(a)(2)(A) Damages Expert Disclosures | Six months after final order regarding RCFC 56 Motions |
| 6. | Exchange Of RCFC 26(a)(2)(B) Damages Expert Disclosures | Eight months after final order regarding RCFC 56 Motions |
| 7. | Completion Of Expert Discovery | Nine months after final order Regarding RCFC 56 Motions |
| 8. | Final pretrial conference | Ten months after final order Regarding RCFC 56 Motions |

Except as provided above with respect to the exchange of RCFC 26(a)(1)(B) documents, the parties agree to dispense with RCFC 26(a)(1) disclosures.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

July 10, 2008

Attorneys for Defendant

s/Howell Roger Riggs
HOWELL ROGER RIGGS
Dick Riggs Miller LLP
200 Clinton Avenue
Suite 1050
Huntsville, AL 35801
Tel: (256) 564-7317

July 10, 2008

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick