IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRAND ACADIAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-849 C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND AFFIRMATIVE DEFENSE

Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests leave of Court to file the accompanying amended answer and affirmative defense (Exhibit A). The proposed amendment is the same as defendant's original answer, except that it adds one affirmative defense based upon a release. In support of this motion, we rely upon the following brief.

BRIEF

STATEMENT OF THE ISSUE

Should the Court grant defendant leave to amend for the purpose of adding an affirmative defense that is based upon a release that plaintiff recently produced in discovery?

STATEMENT OF THE CASE

Defendant filed its answer on May 30, 2008. The parties submitted a joint preliminary status report on July 10, 2008, and the Court entered a scheduling order on July 23, 2008. Plaintiff produced approximately 20,000 pages of documents during the week of August 25, 2008. Ex. B, Aug. 25, 2008 Ltr. One of these documents is a release dated September 16, 2005. The release states that it "holds the Government harmless for damages" to plaintiff's property

and releases any and all claims arising out of "any activities of the Government on the Property." Ex. C, Release, FL-GA-000014-000015. Mr. Carl Romero, plaintiff's vice president, signed the release on plaintiff's behalf. Ex. D, July 23, 2008 Dep. Of Carl Thomas Romero Tr. ("Romero Dep.") 28:15-32:19 & Ex. 47, taken in Grand Acadian v. Fluor, No. CV-07-0295 (W.D. La.).

Defendant produced approximately 10,000 pages of documents in August 2008 as well, but the release was not among them, because the FEMA and GSA files concerning the Grand Acadian project do not contain it.

ARGUMENT

RCFC 8(c) requires the defendant to assert affirmative defenses in the answer. RCFC 8(c). The "purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that the party is prepared to properly litigate it." Cooke v. United States, 79 Fed. Cl. 741, 742 (2007) (citing, inter alia, Conley v. Gibson, 355 U.S. 41, 48 (1957) ("[T]he purpose of the pleading is to facilitate a proper decision on the merits.")). When the defendant seeks to rely upon an affirmative defense that is not pled in the answer, the defendant may move to amend its pleading. Rule 15(a) allows the moving party to amend "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). "Absent some reason such as bad faith, undue delay, or undue prejudice to the opposing party, 'the leave sought should, as the rules require, be freely given.'" Cooke, 79 Fed. Cl. at 742 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); accord Shoshone Indian Tribe v. United States, 71 Fed. Cl. 172, 176 (2006) (same); St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994) (same); see also Hess v. United States, 210 Ct. Cl. 483, 491 (1976) (former Rule 39(a), predecessor to Rule 15(a), "should be

liberally construed"); Critzer, 225 Ct. Cl. 621, 623 (1980) ("The courts have traditionally shown a strong liberality in the allowance of amendments to pleadings.").

In this case, less than four months transpired between the filing of defendant's answer and the request for leave to amend. Defendant filed its original answer on May 20, 2008. Plaintiff produced the release in discovery during the week of August 25, 2008, and defendant raised the release defense in discussions with plaintiff's counsel on September 8, 2008. Defendant asserted the release defense promptly and should be granted leave to amend.

Plaintiff, nevertheless, objects to this motion. Yet, there has not been any undue delay. Less than four months have elapsed since defendant filed the original complaint. An alleged delay of just a few months is not sufficient grounds to deny an RCFC 15(a) motion. Cooke, 79 Fed. Cl. at 742 ("nine-month delay standing alone is insufficient grounds to deny a motion to amend."). Likewise, there is no possibility of undue prejudice to plaintiff. "Undue prejudice may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery" shortly before trial. Cooke, 79 Fed. Cl. at 742-43 (citations omitted); accord St. Paul, 31 Fed. Cl. at 153. Plaintiff cannot claim any surprise, unfair or otherwise. Mr. Romero, plaintiff's own vice president, has knowledge concerning the release because he signed it on plaintiff's behalf. Ex. D, Romero Dep. 28:15-32:19 & Ex. 47. In addition, plaintiff has had a copy of the release in its possession since at least April 2008. See Ex. E, March 31, 2008 Ltr. & Resp. to Doc. Req. No. 25, taken in Grand Acadian v. Fluor, No. CV-07-0295 (W.D. La.). At the early stage of this proceeding, when the parties have just begun to engage in the discovery process and the parties have not yet taken any depositions, the proposed amendment will not cause any prejudice to plaintiff whatsoever.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant leave to file the accompanying amended answer and affirmative defense.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

September 11, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2008, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick