# In the United States Court of Federal Claims

No. 07-849 C

(E-Filed: October 9, 2008)

|  |  |
|---|---|
| GRAND ACADIAN, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

<u>ORDER</u>

      Before the court is Defendant's Motion for Leave to File Amended Answer and Affirmative Defense (defendant's Motion or Def.'s Mot.), filed September 11, 2008, Plaintiff's Response in Opposition to Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses (plaintiff's Response or Pl.'s Resp.), filed September 29, 2008, and Defendant's Reply in Support of Motion for Leave to File Amended Answer and Affirmative Defense (defendant's Reply or Def.'s Reply), filed October 6, 2008.

      Defendant filed Defendant's Answer on May 20, 2008. In defendant's Motion now before the court, defendant requests leave to file an amended answer with an affirmative defense. Def.'s Mot. 1. Defendant bases its argument on a document produced by plaintiff "during the week of August 25, 2008." Def.'s Mot. 1. The document is a release stating:

> The undersigned agrees to hold the Government harmless for damages or loss of any type whatsoever, either to the above described Property, any other real or personal property, or to persons situated thereon, and hereby releases, discharges, and waives any and all actions, either legal or equitable, which the Owner and his authorized representative, if any, has or may have arising out of this Right-of-Entry and/or any activities of the Government on the Property.

Def.'s Mot. Ex. C (document titled "Right-of-Entry For Establishment of Temporary Emergency Sheltering and Temporary Housing") 2. The release is signed by Carl Romero, plaintiff's vice president. Id.; Def.'s Mot. 2; Pl.'s Resp. 2.

Under Rule 8(c) of the Rules of the United States Court of Federal Claims (RCFC), defendant is obligated to set forth its affirmative defenses in its first responsive pleading. RCFC 8(c). Defendant argues that RCFC 15(a) allows it to amend its answer. Def.'s Mot. 2. RCFC 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a).

Defendant filed its Answer on May 20, 2008, more than 20 days before defendant filed defendant's Motion. Given plaintiff's opposition, defendant may only amend its Answer by leave of this court. RCFC 15(a). "Absent some reason such as bad faith, undue delay, or undue prejudice to the opposing party, 'the leave sought should, as the rules require, be "freely given."'" Cooke v. United States, 79 Fed. Cl. 741, 742 (2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). According to defendant, there has been no undue delay and "there is no possibility of undue prejudice to plaintiff." Def.'s Mot. 3. As defendant notes, Def.'s Reply 1, plaintiff does not dispute that defendant's Motion is timely and that it will not cause plaintiff undue prejudice. See Pl.'s Resp. passim. Nor does plaintiff dispute the authenticity of the document in question. See id. The court notes that less than four months elapsed from the time defendant filed its Answer on May 20, 2008 and the time defendant filed its Motion on September 11, 2008, Def.'s Mot. 3; Pl.'s Resp. 2, and therefore concludes that defendant's Motion is timely.

However, plaintiff argues that "justice does not require that the leave be freely given." Pl.'s Resp. 3. According to plaintiff, "The United States' newly asserted defense of 'release' is inappropriate because the Lease [which is the basis for plaintiff's action] is an INTEGRATED AGREEMENT, operating to the exclusion of all prior agreements." Id. Plaintiff also argues that "the actual terms of the Right of Entry Agreement do not support the defense of 'release.'" Id. at 4 ("The creation of the Lease on December [7], 2005, signaled the end of the limited duration of the Right of Entry Agreement."), 6-7

(arguing that the Right of Entry Agreement was a temporary agreement).  It appears to the court that plaintiff is arguing that justice does not require the court to grant defendant leave to amend because defendant will not prevail on the merits of the affirmative defense.  See Pl.'s Resp. 3-7.  The court will not delve into the merits of the affirmative defense when deciding whether to grant leave to amend.

Finally, plaintiff argues that the doctrine of judicial estoppel precludes the court from granting defendant leave to amend its answer.  Id. at 8-9.  The doctrine of judicial estoppel posits that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position."  Davis v. Wakelee, 156 U.S. 680, 689 (1895).  The United States Court of Federal Claims "has declined to apply judicial estoppel when the party accused of adopting an inconsistent position in a current proceeding was not 'successful' in the prior proceeding."  First Commerce Corp. v. United States, 60 Fed. Cl. 570, 577 (2004), vacated on other grounds, 63 Fed. Cl. 627 (2005).  "The 'prior success' requirement does not mean that the party against whom the judicial estoppel doctrine is to be [invoked] must have prevailed on the merits.  'Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'"  Nat'l Med. Enters., Inc. v. United States, 28 Fed. Cl. 540, 546 n.2 (1993).  The basis of plaintiff's judicial estoppel argument is Defendant's Partial Motion to Dismiss, filed February 21, 2008.  Pl.'s Resp. 8.  Defendant moved to withdraw its Partial Motion to Dismiss on April 7, 2008 and the court granted defendant's Motion to Withdraw its Partial Motion to Dismiss on April 9, 2008.  Order of April 9, 2008.  Defendant could not be considered to have been successful in arguing any position in its Partial Motion to Dismiss and the court does not find the doctrine of judicial estoppel applicable to its determination here.

For the foregoing reasons, defendant's Motion is GRANTED.  A copy of the proposed form of defendant's Amended Answer and Affirmative Defense is attached to defendant's Motion as Exhibit A.  Defendant shall file its Amended Answer and Affirmative Defense at its earliest convenience.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge